# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# EASTERN DIVISION

BILLY MACK NICHOLS, JR.                                                                      PLAINTIFF
ADC #92713

v.                                          2:19-CV-00073-DPM-JJV

PATRICK DRUMMOND, APN, EARU Max,                                            DEFENDANTS
HURSTINE, Doctor, EARU Max, ARKANSAS
DEPARTMENT OF CORRECTION, Medical
Department

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>Clerk, United States District Court
>Eastern District of Arkansas
>600 West Capitol Avenue, Suite A149
>Little Rock, AR 72201-3325

## **DISPOSITION**

Billy Mack Nichols, Jr. ("Plaintiff") is incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction and filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. No. 2.) Plaintiff sued Drummond, an advanced practice nurse, and Hurstine, a physician, each providing medical services at the East Arkansas Regional Maximum Security Unit of the Arkansas Department of Correction. (Doc. No. 2.) He asserted Defendants are deliberately indifferent to his medical needs, resulting in severe pain from arthritis and foot problems, among other things. (*Id.*) Plaintiff alleged Drummond took away his Baclofen, Kepra, and Excedrin prescribing Tylenol instead in retaliation for Plaintiff placing a sick call. (*Id.* at 8-9.) He further alleged Hurstine did not properly examine his injuries, retaliating against him by taking away his wheelchair prescription but recommending no stairs. *Id.*

On July 8, 2019, I denied Plaintiff's Motion for Leave to Proceed In Forma Pauperis based on his litigation history. (Doc. No. 3.) As I noted in the July 8 Order, it appears Plaintiff is receiving medical care but he seeks a specific course of treatment and specific medication. Further, nothing in Plaintiff's Complaint indicates or implies he is in imminent danger if he does not receive the treatment and medication he deems proper. Because I determined Plaintiff was not in imminent

danger, I directed him to pay the $400.00 filing and administrative fee within fourteen days if he wished to proceed with this lawsuit. (*Id.*)

More than fourteen days have passed since the July 8, 2019 Order was entered and Plaintiff has not paid the filing fee. Plaintiff has filed numerous documents I will treat as supplements to his Complaint. (Doc. Nos. 4-13.) He explains that he has been placed back on Naproxen. (Doc. Nos. 4 & 5.) He asserts he remains in pain and that his treatment plan is ineffective, his wheelchair was wrongly taken from him, he has been denied medical treatment, and he maintains he is in imminent danger. (Doc. Nos. 7-12.) He further maintains the arthritis in his pelvic area will worsen because he is being denied the proper orthotics; Plaintiff specifically mentions a mattress. (Doc. No. 13.)

Plaintiff's filings and their attachments establish Plaintiff is receiving medical care for the arthritis of which he complains. His dissatisfaction appears to remain that he is not receiving the care and medication he believes to be correct. I note that mere disagreement with medical treatment generally is not enough to state a constitutional claim. *See Reid v. Griffin*, 808 F.3d 1191, 1192 (8th Cir. 2015); *Nichols v. Arkansas Department of Correction*, case no. 2:18-cv-00119-JM-PSH, 2018 WL 4291780, at *2 (E.D. Ark. Aug. 28, 2018). Further, while he asserts he is in imminent danger, Plaintiff does not explain how the alleged lack of treatment he seeks is making his arthritis worse. Plaintiff does complain of pain, but that is not necessarily enough to establish imminent danger. I find nothing in Plaintiff's filings indicates he is in imminent danger of serious physical harm. Accordingly, I recommend that this action be dismissed without prejudice.

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint (Doc. No. 2) be DISMISSED without prejudice.

2.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 31st day of July 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE